UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF FLORIDA

--oOo--

|  |  |
|---|---|
| IN RE: ) | Case No. 17-21018-LMI |
| ) | |
| ALEIDA C. NUNEZ, ) | Chapter 13 |
| ) | |
| ) | Miami, Florida |
| ) | May 7, 2019 |
| Debtor. ) | 11:20 a.m. |
| _____) | |

MOTION FOR RELIEF FROM ORDER
CONFIRMING CHAPTER 13 PLAN
FILED BY CREDITOR REVERSE
MORTGAGE SOLUTIONS, INC.
[133]

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE LAUREL M. ISICOFF
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtor: | LAILA S. GONZALEZ, ESQ.<br>10691 N. Kendall Drive<br>Suite 207<br>Miami, FL 33176<br>(305) 826-1774 |
| For Reverse Mortgage<br>Solutions, Inc.: | Robertson, Anschutz & Schneid, P.L.<br>By: EDWIN G. RICE, ESQ.<br>100 N. Tampa Street, Suite 2200<br>Tampa, FL 33602<br>(813) 229-3333 |
| | Robertson, Anschutz & Schneid, P.L.<br>By: APRIL HARRIOTT, ESQ.<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487<br>(561) 241-6901 |
| Audio Operator: | Court Personnel |
| Transcription Company: | Access Transcripts, LLC<br>10110 Youngwood Lane<br>Fishers, IN 46038<br>(855) 873-2223<br>www.accesstranscripts.com |

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

APPEARANCES (Continued)

For Chapter 13 Trustee:   AMY E. CARRINGTON, ESQ.
                          PO Box 279806
                          Miramar, FL 33027
                          (954) 443-4402

Case 1:19-cv-22175-KMW Document 8 Entered on FLSD Docket 06/26/2019 Page 3 of 16
Case 17-21036-LMI Doc 50 Filed 05/15/19 Page 3 of 16

3

1          MIAMI, FLORIDA, MAY 7, 2019, 11:20 A.M.
2                          --oOo--
3          THE CLERK:  On Page 30, Number 87, Aleida Nunez.
4          THE COURT:  All right.  Appearances.
5          MS. GONZALEZ:  Good morning, Your Honor.  Laila
6  Gonzalez on behalf of the debtor.  Even though it's not my
7  motion --
8          THE COURT:  Wait, wait, not yet.  We have two other
9  appearances to make.  Go ahead.
10         MR. RICE:  Good morning, Your Honor.  Ed Rice on
11 behalf of Reverse Mortgage Solutions, Inc.
12         THE COURT:  Spell your last name, please.
13         MR. RICE:  R-I-C-E.
14         THE COURT:  All right.  Thank you.
15         MS. HARRIOTT:  Good morning, Your Honor.  April
16 Harriott, H-A-R-R-I-O-T-T, on behalf of Reverse Mortgage
17 Solutions.
18         THE COURT:  Okay.
19         MS. GONZALEZ:  Your Honor, as I was saying, even
20 though it's not my motion, this is a motion for relief from the
21 order confirming with regard to the fact that this mortgage,
22 this reverse mortgage is still in the plan.  As I'm sure Your
23 Honor is aware, the District Court reversed and remanded.
24 However, I spoke with appellate counsel, and the appellate
25 counsel has already done a motion for rehearing or

Case 1:19-cv-22175-KMW Document 8 Entered on FLSD Docket 06/26/2019 Page 4 of 16
Case 1:17-21003-CIV-MORENO Doc 50 Filed 05/15/19 Page 4 of 16

4

1 reconsideration because apparently the District Court in
2 Palmiero (phonetic) found in the same way Your Honor found with
3 regard to the interpretation of the documents. So that's why I
4 believe that this is a premature motion and I don't think it
5 should go forward until the District Court has finally come to
6 its ultimate conclusion or the appellate process has completed.
7       THE COURT: Okay. So you're stating that a motion
8 for reconsideration has been filed with the appellate court --
9 I'm sorry, with the -- well, it is appellate in this --
10       MS. RODRIGUEZ: The District Court, yes.
11       THE COURT: -- in this instance. With the District
12 Court so the mandate hasn't actually been returned.
13       MS. RODRIGUEZ: That's my understanding from speaking
14 to appellate counsel, Your Honor.
15       THE COURT: Okay. Mr. Rice, I assume you're
16 appellate counsel for Reverse Mortgage Solutions.
17       MR. RICE: Yes, ma'am.
18       THE COURT: Okay.
19       MR. RICE: And a motion for rehearing was --
20 reconsideration was filed. The District Court has required a
21 response, and my firm is preparing that response.
22       THE COURT: Okay. So you agree the mandate --
23 whatever they call it, the thing -- the mandate that I have, I
24 don't have jurisdiction at this point over anything in this
25 case.

Case 1:19-cv-22175-KMW Document 8 Entered on FLSD Docket 06/26/2019 Page 5 of 16
Case 1:17-21037-LMI Doc 350 Filed 05/15/19 Page 36 of 169

5

1               MR. RICE:  I think that you have entered a
2    confirmation order, and if I could just set a timeline, Your
3    Honor, and my suggestion on what, you know --
4               THE COURT:  Well, but if I don't have the mandate, if
5    the mandate hasn't been returned to me because a motion for
6    reconsideration has been filed, what can I do, Mr. Rice?  I
7    have never been scolded because, of course, notwithstanding
8    that once in a while I'm reversed, I'm otherwise a perfect
9    bankruptcy judge.
10              MR. RICE:  Right.
11              THE COURT:  But having actually spoken on bankruptcy
12   appellate matters, we judges are periodically reminded by the
13   District Courts that when the mandate for a particular matter
14   has been taken, that we're not allowed to rule on it.  And
15   because the confirmation order that I entered is directly tied
16   to this issue, what do you -- I will rely on your appellate
17   expertise to guide me.
18              MR. RICE:  Your Honor, the -- yes.  The orders that
19   were appealed from were the order that Your Honor entered
20   overruling my client's objection to confirmation.
21              THE COURT:  Right.
22              MR. RICE:  And an order denying reconsideration of
23   that.
24              THE COURT:  Right.
25              MR. RICE:  What has not been appealed is your

Case 1:19-cv-22175-KMW Document 8 Entered on FLSD Docket 06/26/2019 Page 6 of 16
Case 1:17-21020-LMI Doc 50 Filed 05/15/19 Page 6 of 16

6

1  confirmation order.
2       THE COURT: Okay.
3       MR. RICE: Okay. And that is what I want to try to
4  avoid because we're in a situation right now where the appeal
5  is still pending. We were initially under the impression -- I
6  say we -- my client was initially under the impression that
7  confirmation that took place on March 5th was not going to
8  occur because of a notice that the Trustee had filed that she
9  wasn't planning on proceeding with confirmation because of the
10 appeal. So we didn't show up, and nevertheless the --
11 apparently the hearing went forward and Your Honor entered a
12 confirmation order.
13      THE COURT: Okay.
14      MR. RICE: We were in the process of preparing a
15 motion for reconsideration of that confirmation order. Because
16 of the pending appeal, we didn't think it was appropriate for
17 Your Honor to approve confirmation given that appeal. And
18 while we were preparing that, we got the order from the
19 District Court that reversed and remanded.
20      And so at this stage, if your confirmation order
21 remains pending, we're going to have to appeal that, or else
22 that will become final and then we'll have these two appeals.
23 So from a judicial economy standpoint, I would suggest that
24 Your Honor revoke confirmation and abate confirmation pending
25 resolution of the appeal because I fully anticipate that

Case 1:19-cv-22175-KMW Document 8 Entered on FLSD Docket 06/26/2019 Page 7 of 16
Case 1:17-21002-LMI Doc 450 Filed 05/15/19 Page 7 of 16

7

```
 1  whatever the Court -- the District Court does with the motion
 2  for reconsideration, whether thumb's up or thumb's down, the
 3  losing party is likely going to go the Eleventh Circuit with it
 4  anyway.
 5            So if Your Honor doesn't abate this confirmation
 6  process and that order, the parties are going to be confronted
 7  with having to file yet another -- you know, another appeal to
 8  protect their rights with respect to that confirmation order.
 9            THE COURT:  So I'm trying to understand, Mr. Rice,
10  are you asking for a stay pending appeal.
11            MR. RICE:  I'm not asking for a stay pending appeal.
12            THE COURT:  What exactly is it that you're asking?
13  Because what I'm hearing is you're asking me to stay an order
14  that is related to the orders that you appealed, and --
15            MR. RICE:  I'm ask --
16            THE COURT:  -- I'm just trying to understand
17  procedurally where you view the request that you're making to
18  me.
19            MR. RICE:  I'm not asking for a stay pending appeal.
20  I'm asking Your Honor to revoke the confirmation order.
21            THE COURT:  Okay.
22            MR. RICE:  And revoke the confirmation order because
23  we don't believe the confirmation should have been ordered.
24  Regardless of whether the District Court had ruled or not, the
25  Bankruptcy Court shouldn't have entered that confirmation order
```

1  at that time because the appeal was pending.  So if Your Honor
2  was to revoke confirmation and then abate proceedings on
3  confirmation until the appeal is final through the Eleventh
4  Circuit or wherever it goes, then the parties' rights will be
5  protected.
6           If Reverse Mortgage Solutions ultimately loses the
7  appeal, then the Court can confirm the plan.  If Reverse
8  Mortgage Solutions wins the appeal, then obviously confirmation
9  of the plan, you know, should be denied as written.  And what I
10 am suggesting saves both parties from having to deal with an
11 appeal of the confirmation order as well as the District Court
12 having to deal with that also.  And I don't think anybody's
13 rights will be prejudiced in that regard because it will
14 ultimately -- the parties' rights will ultimately be determined
15 by whatever the appellate courts say.
16          THE COURT:  Okay.
17          MR. RICE:  So I'm not ask --
18          THE COURT:  I haven't looked at the plan, but I'm
19 assuming then that the plan only deals with your client and not
20 any other creditor.
21          MR. RICE:  The plan deals with a very modest amount
22 of, as I understand it, other unsecured claims.  I think it's
23 fair to say that this bankruptcy case was filed to deal -- you
24 know, to deal with my client.
25          THE COURT:  Okay.  All right.  Anything else,

Case 1:19-cv-22175-KMW Document 8 Entered on FLSD Docket 06/26/2019 Page 9 of 16
Case 17-21025-LMI Doc 150 Filed 05/15/19 Page 26 of 169

9

```
 1  Mr. Rice?
 2           MR. RICE:  No, ma'am.
 3           THE COURT:  Okay.  Ms. Gonzalez, did you have
 4  anything that you'd like to say?
 5           MS. CARRINGTON:  Your Honor, if I could jump in, Amy
 6  Carrington.  Counsel said that they did not appear at the May
 7  -- or at the March 5th confirmation hearing because of a notice
 8  that was filed by the Trustee.  At Docket Entry 125 on
 9  February 20th, the Trustee filed her intent to confirm the
10  third amended plan, so there was notice to counsel that the
11  Trustee's intention was to recommend confirmation at that
12  point.
13           THE COURT:  Okay.
14           MR. RICE:  Your Honor, I think the notice was --
15           THE COURT:  Okay.  Mr. Rice, let me let --
16           MR. RICE:  I'm sorry.
17           THE COURT:  -- Ms. Gonzalez speak, and then I'll
18  allow you to respond to everybody.  How's that?
19           All right.  Go ahead, Ms. Gonzalez.
20           MS. GONZALEZ:  Your Honor, I see this potentially --
21  first of all, with regard to attorneys' fees and with regard to
22  work, the vacating of the confirmation will result in the
23  continued rollover of confirmation in this matter, which I
24  think is one of the things that the Trustee was hoping to
25  avoid, which is why I think the Trustee confirmed the case.
```

1      The other potential is for the motion for -- it's
2 titled Motion for Relief, but in a sense it's a motion to
3 reconsider the order confirming, and perhaps that could be
4 rolled.  So there are several -- as long as the status quo is
5 achieved, and I think it is in the sense that this case is on
6 appeal, I'm not really sure what effect confirmation has with
7 regard to the appeal.  I think they're two separate issues
8 actually.
9      THE COURT:  Well, let me ask you this, Ms. Gonzalez,
10 before I hear from Mr. Rice again, and this is a practical
11 question, not a legal one, and that's why I had asked that this
12 matter be set for status conference.  Of course, that was
13 before I knew the motion for reconsideration had been filed.
14      And that is practically, assuming that Judge Williams
15 does deny the motion for reconsideration, okay, and it does go
16 to the Eleventh Circuit, what is going to happen then?  In
17 other words, what relief are you going to be coming in and
18 seeking from this Court, if any, with respect to confirmation
19 of the plan?
20      MS. GONZALEZ:  With regard to the confirmation of the
21 plan, Your Honor, as I said, now the creditor is supposed to be
22 receiving payments under this confirmed plan.  So if the appeal
23 is ultimately -- if Your Honor is remanded, or if it's remanded
24 to this Court and reversed, then I would modify the plan to
25 take the creditor out of the plan is what I would ultimately

Case 1:19-cv-22175-KMM Document 8 Entered on FLSD Docket 06/26/2019 Page 11 of 16
Case 17-21003-LMI Doc 650 Filed 05/15/19 Page 11 of 16

11

1 do. But that has to be after all the appeal remedies are
2 extinguished.
3     THE COURT: All right. Well, okay. Mr. Rice, you
4 get the last word. It's your motion.
5     MR. RICE: Your Honor, in terms of the Trustee's
6 notice, I certainly interpret that as a trustee's notice. It's
7 titled Trustee's Notice of Deficiency for confirmation and
8 recommendation, and then it lists appeal of borrowers -- appeal
9 on borrowers, a definition, and I guess presumably the
10 definition of borrower under the reverse mortgage. So I
11 certainly interpreted that as an indication that the Trustee
12 was not proceeding with confirmation. Now the Trustee informs
13 me that that's not what that document means, but that's not how
14 I interpreted it.
15     Back to the real issue, I think it's practically how
16 do we, the Court and the parties, approach the problem, and I
17 think the same answer is still let's avoid additional multiple
18 appeals, a brief and all that, simply by revoking the
19 confirmation order and letting the appeals proceed, and then
20 Your Honor, however that pans out, either the debtor's plan is
21 ultimately confirmed or ultimately not confirmed.
22     And, you know, I think it was just unfortunate that
23 the Court, you know, confirmed the plan back in, you know,
24 March when the appeal was pending on that important issue. But
25 in any event, that's what I think.

| | |
|---|---|
| 1 | THE COURT: Unfortunate for you. |
| 2 | MR. RICE: Well, maybe the parties too because we all |
| 3 | have to do with the briefing up or down and -- but, yes, I |
| 4 | guess unfortunately for my client you're -- yes. |
| 5 | THE COURT: Well, although, you know, again I am sure |
| 6 | that you are not somehow suggesting that either the Trustee or |
| 7 | I did anything inappropriate. |
| 8 | MR. RICE: No, ma'am. |
| 9 | THE COURT: Okay. |
| 10 | MR. RICE: I am not -- I am not -- |
| 11 | THE COURT: And that you understand that it was your |
| 12 | job -- not you personally but your client's obligation to make |
| 13 | sure that they advocated their position whenever appropriate. |
| 14 | Having said that, I appreciate the logistics of what you are |
| 15 | arguing. Since I don't have to practice law anymore, that's |
| 16 | about as far as I have to go with it, okay? |
| 17 | But I do want to reiterate I understand that you are |
| 18 | arguing logic, but in every single case in which an order is |
| 19 | issued, that the reversal of which or the reversal of a part of |
| 20 | which, and that's pretty much I'm thinking lots of Chapter 11 |
| 21 | confirmation proceedings, there would be a consequence. That |
| 22 | is why we have motions for stay pending appeal, which is why I |
| 23 | asked you if that was what you were asking, and no, you're |
| 24 | asking me to revoke the confirmation order. |
| 25 | The problem with that, Mr. Rice, is that the |

Case 1:19-cv-22175-KMM Document 8 Entered on FLSD Docket 06/26/2019 Page 13 of 16
Case 17-21020-LMI Doc 250 Filed 05/15/19 Page 13 of 16

13

1 confirmation is not just about your client, and ultimately the
2 risk of loss is borne by the debtor, not by your client.
3 Worse-case scenario is that you get the payments under the
4 plan. You can put them in escrow. You can put them in a
5 suspense account. You can tell the Trustee to hold on to them.
6 I don't know because I don't have to figure that part out.
7    Or you can appeal the confirmation order if you still
8 can, but I don't see that you have articulated a basis when the
9 Chapter 13 plan isn't just about your client that I should
10 revoke the order based on the appeal, assuming that I even have
11 the mandate. Because we could play all sorts of mental
12 gymnastics because, as you pointed out, the treatment of your
13 client and the denial, the overruling of your objection to
14 confirmation, which is on appeal, is tied to directly to
15 confirmation of the plan.
16    So -- but to the extent that I do still have the
17 mandate to consider your motion, I'm going to deny it, but I'll
18 deny it without prejudice for you to pursue whatever other
19 remedies you believe you are entitled to either here or at the
20 appellate level.
21    MR. RICE: Thank you, Your Honor.
22    THE COURT: Thank you. All right. So with respect
23 to the status conference, I think we've just had it, right? I
24 don't -- is there anybody -- any more status that anybody needs
25 to tell me?

14

1         MS. GONZALEZ: Your Honor, who are you directing to
2 submit that order denying?
3         THE COURT: I'm going to ask you, Ms. Gonzalez, to
4 prepare an order denying the motion for the reasons stated,
5 without -- the reasons stated on the record, and then if
6 Mr. Rice or Ms. Harriott want to add that additional language
7 in without prejudice, whatever it was that I said, then they
8 can do that. Okay?
9         MS. GONZALEZ: Thank you, Your Honor.
10        THE COURT: All right. And then with -- so I don't
11 think there's anything else on status that I need. Mr. Rice
12 has already told me that the District Court has set a
13 scheduling order on the motion for reconsideration. Is that
14 correct?
15        MR. RICE: Yes, ma'am. Required a time period within
16 which my client is required to respond.
17        THE COURT: Okay. All right. So that takes care of
18 status. Is there anything else on this matter we need to do
19 this morning?
20        MS. CARRINGTON: Your honor, we still have
21 Mr. Gonzalez's fees. I'm not contesting them. I did ask the
22 Court to review them to see if the Court had any issues.
23        THE COURT: No, I do not have any issues.
24        MS. CARRINGTON: Then if Ms. Gonzalez could submit an
25 order granting.

15

1         THE COURT: Okay. I did review the application and I
2 find that it's appropriate under 330. Okay. All right.
3         Thank you, Mr. Rice, for coming.
4         Ms. Harriott, always a pleasure. See, today you got
5 out without having to buy lunch for anybody.
6         MR. RICE: Thank you, Your Honor.
7     (Proceedings concluded at 11:36 a.m.)
8         \* \* \* \* \*

16

# **C E R T I F I C A T I O N**

      I, Ilene Watson, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____

ILENE WATSON, AAERT NO. 447    DATE: May 15, 2019

ACCESS TRANSCRIPTS, LLC