UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

REVERSE MORTGAGE SOLUTIONS, INC.

    Appellant,

v.                                               CASE NO.: 1:19-cv-22175-KMW

ALEIDA C. NUNEZ,

    Appellee.
_____/

**REVERSE MORTGAGE SOLUTIONS, INC.'S
MOTION FOR ENTRY OF JUDGMENT ON APPEAL**

Pursuant to Fed. R. Bankr. P. 8013 and Local Rule 7.1, Appellant Reverse Mortgage Solutions, Inc. ("RMS"), requests the entry of judgment, as follows:

1. The above-captioned bankruptcy appeal was docketed with the Court on May 29, 2019 [Dkt. No. 1].

2. This appeal arises from the same chapter 13 bankruptcy as the pending appeal in Case No. 1:18-cv-22204-KMW (the "Prior Appeal"). Both this appeal and the Prior Appeal involve disputes over the treatment of RMS's reverse mortgage loan in Aleida C. Nunez's (the "Debtor") chapter 13 bankruptcy.

3. On March 12, 2019, the Bankruptcy Court confirmed the Debtor's chapter 13 plan, which provided that the Debtor could maintain possession of the property at issue without paying RMS in full over the term of the plan. This ruling was premised upon a finding that the Debtor is a "Borrower" under the reverse mortgage.

4. On March 21, 2019, the Court entered its opinion and order in the Prior Appeal, and held that the Debtor was *not* a "Borrower" under RMS's reverse mortgage loan, and

1

remanded for further proceedings.[1] *See Reverse Mortg. Sols., Inc. v. Nunez*, 598 B.R. 876 (S.D. Fla. 2019).

5. RMS filed a timely motion for relief from the confirmation order, arguing that this Court's ruling in the Prior Appeal was controlling and that the Bankruptcy Court should not have confirmed the chapter 13 plan. Notwithstanding the ruling in the Prior Appeal, the Bankruptcy Court denied RMS's motion for relief.

6. RMS appealed the chapter 13 plan confirmation order and the Bankruptcy Court's denial of RMS's motion for relief from the confirmation order, which are the matters before the Court in this appeal.

7. On May 3, 2019, the Debtor filed a motion for rehearing in the Prior Appeal (the "Motion for Rehearing"). The Debtor requested that the Court vacate its order and instead adopt the holding from the Third District Court of Appeal in *OneWest Bank, FSB v. Palmero*, No. 3D14-3114, 2019 WL 1783727 (Fla. Dist. Ct. App. Apr. 24, 2019), affirm the Bankruptcy Court's finding that Aleida Nunez is a "Borrower" under the terms of the reverse mortgage.

8. On July 24, 2019 the Court granted RMS's motion to stay briefing in this appeal pending the resolution of the Motion for Rehearing.

9. On January 23, 2020, the Court denied the Motion for Rehearing. [Case No. 1:18-cv-22204-KMW, Dkt. No. 37]. The Debtor has appealed all rulings in the Prior Appeal to the Eleventh Circuit Court of Appeals.

10. RMS requests entry of judgment reversing the Bankruptcy Court in this appeal because the Prior Appeal is binding on the Debtor, regardless of the Debtor's pending appeal to

---

[1] Unless otherwise defined, all capitalized terms shall have the meanings provided in the Court's reported opinion in the Prior Appeal.

the Court of Appeals. "'The established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal.'" *Jaffree v. Wallace*, 837 F.2d 1461, 1466 (11th Cir. 1988) (quoting 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4433 (2d ed. 1981 & Supp. 1987)). The ruling in the Prior Appeal is also law of the case. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005) (law of the case "operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal"); *see also In re Kunz*, 236 F. App'x 72, 73 (5th Cir. 2007) (appeal that raised issues decided in a prior bankruptcy appeal to the district court and followed by dismissal of appeal to circuit court, was barred by the law of the case doctrine).

11. In particular, the Court held in the Prior Appeal that the Debtor is not a "Borrower" under RMS's Security Instrument. Rather, "Olga Nunez is the only 'Borrower' under the Note. Consequently, under the terms of the Note, the lender may demand immediate payment of the outstanding principal and interest upon Olga Nunez's death and if not paid may foreclose on the Property." *Nunez*, 598 B.R. at 884.

12. The Debtor's confirmed chapter 13 bankruptcy plan—the subject of this appeal—is not consistent with this Court's prior ruling that RMS may demand immediate payment in full and foreclose on the Property. The Debtor's plan merely provided that the Debtor will cure the default under the reverse mortgage by paying off the unpaid taxes and insurance. *See id.* at 877. However, given that the Note and Security Instrument were due in full prior to the Debtor's bankruptcy, the Debtor may only keep the Property if she pays the Note in full during the course

of her chapter 13 plan.[2] *See* 11 U.S.C. §§ 1322(c)(2), 1325(a)(5); *see also In re Gray*, 530 B.R. at 501-02 (debtor may pay off mother's reverse mortgage over life of chapter 13 plan even though debtor was not borrower under reverse mortgage); *In re Harmon*, 2015 WL 8249995 (Bankr. M.D. Fla. Dec. 2, 2015) (same).

13. The Debtor is bound by this Court's prior order and opinion in the Prior Appeal and cannot prevail in this appeal. For these reasons, the Court should enter judgment overturning the Bankruptcy Court for all the reasons set forth in this Court's opinion in the Prior Appeal.

14. Counsel for RMS conferred with the Debtor's counsel regarding this motion. Debtor's counsel reported that Debtor objects to the relief sought in this motion solely to the extent that Debtor intends to preserve her rights to challenge this Court's order in the Prior Appeal in the Court of Appeals and to appeal the judgment in this case. The Debtor agrees that the order in the Prior Appeal involves the same issue of law and fact, and but for her objections to that order on the merits, entry of judgment would otherwise be appropriate in this appeal.

WHEREFORE, PREMISES CONSIDERED, RMS respectfully requests that the Court enter judgment in this appeal reversing the Bankruptcy Court's order confirming the Debtor's chapter 13 plan.

---

[2] The proper interpretation of the Note and Security Instrument are the only disputed issues regarding the Debtor's chapter 13 plan.

4

Date: March 24, 2020

        Respectfully submitted,

    /s/ Edwin G. Rice
Edwin G. Rice
Florida Bar No.855944
erice@bradley.com
**BRADLEY ARANT BOULT CUMMINGS, LLP**
100 N. Tampa Street, Suite 2200
Tampa, FL  33602
Telephone:  (813) 229-3333/ Fax:  (813) 229-5946

*Attorney for Reverse Mortgage Solutions, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF electronic noticing or U.S. Mail on March 24, 2020, to Gianny Blanco, 10647 N. Kendall Drive, Miami, FL 33176, courtdoc@fgbkc.com; Edward Freire, 10647 N. Kendall Drive, Miami, FL 33176; Jacqueline Cisneros Ledon, 4343 W. Flagler Street, Suite 100, Miami, FL 33134, jledon@lsgmi.org; Aleida C. Nunez, 9940 SW 155th Avenue, Miami, FL 33196; Nancy K. Neidich, Trustee, P.O. Box 279806, Miramar, FL 33027, nancy@ch13miami.com; April Harriott, Robertson, Anschutz & Schneid, P.L., 6409 Congress Avenue, Suite 100, Boca Raton, FL 33487, aharriott@rasflaw.com; and Office of the US Trustee, 51 S.W. 1st Avenue, Suite 1204, Miami, FL 33130.

    /s/ Edwin G. Rice
Edwin G. Rice
Florida Bar No.855944
erice@bradley.com
**BRADLEY ARANT BOULT CUMMINGS, LLP**
 100 N. Tampa Street, Suite 2200
 Tampa, FL  33602
 Telephone:  (813) 559-5500/ Fax:  (813) 229-5946
*Attorney for Reverse Mortgage Solutions, Inc.*